STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE S. MIDDLETON (Cal. Bar No. 157866)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5010/7413
     Facsimile: (213) 894-6436
     E-mail:    lawrence.middleton@usdoj.gov
                maggie.carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>BILLY KHOUNTHAVONG,<br>BENNY KHOUNTHAVONG, and<br>JOHNNY KHOUNTHAVONG,<br><br>            Defendants. | No. CR 13-904-R<br><br>ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED BANK NEGLIGENCE OR COMPLICITY; FINDINGS OF FACT AND CONCLUSIONS OF LAW |

    On January 12, 2015, the court held a status conference in the above named matter.  At the status conference, the court heard the government's motion in limine to preclude the admission of any evidence (including through defense cross-examination of government witnesses) and argument (1) alleging negligence on the part of the lenders or blaming the lenders for failing to discover and prevent defendants' scheme to defraud, or (2) that the lending institutions were complicit in defendants' crimes or were aware of the falsity of loan documents defendants submitted.  Defendant Billy Khounthavong

was present at the hearing and represented by his attorney Dominic Cantalupo, defendant Benny Khounthavong was present and represented by attorney Adam H. Braun, and defendant Johnny Khounthavong was present and represented by attorney Humberto Diaz.  Assistant United States Attorneys Lawrence S. Middleton and Margaret L. Carter appeared for the government.

The court, after carefully considering the pleadings and after hearing from counsel for defendant Benny Khounthavong, ordered that the government's motion in limine was granted.  The court hereby makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1.   Defendants are charged in a ten-count indictment with multiple counts of loan application fraud, in violation of Title 18, United States Code, Section 1014, and one count of conspiracy to commit loan application fraud, in violation of Title 18, United States Code, Section 371.

2.   The indictment further alleges that defendants' scheme to defraud involved the purchase of a residential property in Corona, California in or about July 2011, and the short sale of a residential property in Chino, California immediately thereafter, and that, inter alia:

   (a)  in  the loan applications to purchase the Corona property, defendants either failed to list the Chino Property or falsely represented that the value of the Chino Property was greater than the liabilities on the property;

   (b)  defendants submitted two Letters of Explanation to Flagstar Bank explaining why they were purchasing the Corona Property when they already owned the Chino Property, one of which stated that

the purchase of the Corona home would not create a financial hardship for them; and

    (c) in order to obtain approval for the short sale of the Chino Property, defendants, among other falsehoods, sent the two lenders a hardship letter stating that they had exhausted all of their income and resources, when in fact defendants had undisclosed bank accounts into which they were depositing their salaries as deputy sheriffs with the Los Angeles County Sheriff's Department.

3. On or about November 4, 2014, the government filed a motion in limine to preclude evidence of alleged bank negligence or complicity.

4. In the motion, the government argued that at trial the defense may attempt to question the lenders regarding their alleged negligence in failing to discover and prevent fraud related to the purchase of the Corona property and/or the short sale of the Chino property.

5. The government further argued that with respect to the purchase of the Corona property, the defense might also suggest that the lending financial institutions were complicit in any fraud in that they were aware, or had reason to believe, that loan documentation submitted by defendants was false, but nevertheless approved the loan because they expected to benefit financially.

6. The government finally argued that any such negligence or complicity, even if true, constitutes no defense to the crimes with which defendants are charged.

7. Defendants did not file an opposition to the government's motion.

Conclusions of Law

1.   It is well-settled law that the negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct.  See United States v. Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000); United States v. Coyle, 63 F.3d 1239, 1244 (3d Cir. 1995).

2.   It is equally clear that it is not a defense that the lending institution was complicit in a defendant's fraud.  See United States v. Johnson, 585 F.2d 119, 124 (5th Cir. 1978).  In the Ninth Circuit, any argument to the contrary is foreclosed by United States v. Kennedy, 564 F.2d 1329 (9th Cir. 1977), where the Court stated:

> [defendant] posits that since the bank officer to whom the statement was tendered had determined in advance to authorize the loan, his false statement could not be said to have influenced the action of the bank.  However intriguing this argument may be, it has been and must be rejected as being a *non sequitur*.  The phrase "for the purpose of influencing" is intended to define the quality of the requisite intent, not to immunize a defendant from criminal liability merely because the bank officer was a party to the scheme.

Kennedy, 564 F.2d at 1340.

3.   The focus of the offense of making a false statement to a federally insured financial institution, in violation of 18 U.S.C. § 1014, is on the defendant's intent rather than on the victim.  The phrase 'for the purpose of influencing in any way' defines the intent required to accompany a false statement and defines it broadly.  It draws under its purview not only a defendant who intends to defraud an unwitting insured institution but also a defendant who intends to cooperate with the institution in a scheme requiring him, with the institution's knowledge, to make false statements for the furtherance

4

of the scheme. The savings and loan's awareness of the fraud is not relevant, for its existence is not inconsistent with the intent to influence which a violator of § 1014 must possess. Thus, this collection of facts labeled 'complicity' is not a defense to a charged violation of 18 U.S.C. § 1014." Johnson, 585 F.2d at 124 (citations omitted).

4. It is irrelevant whether the lenders should have or could have taken additional steps or required additional information before funding the loans. It is equally irrelevant that the lender may have been aware that loan documents submitted by defendants were false. "[T]he only intent that needs to be shown is the intent to influence." United States v. Blumenthal, 945 F.2d 280, 283 (9th Cir. 1991) (quoting United States v. Wilcox, 919 F.2d 109, 112 (9th Cir. 1990). Thus, where false statements are intended to influence a federally insured financial institution's disbursement of funds, "the motive behind the statement [is] irrelevant, as [is] the bank officer's knowledge." Id.

Accordingly, the government's motion in limine to preclude evidence of alleged bank negligence or complicity is HEREBY GRANTED.

To the extent that any Findings of Fact are deemed Conclusions of Law, they are incorporated herein.

DATED: January 21, 2015

_____
HONORABLE MANUEL L. REAL
United States District Judge

Presented by:

_____/s/_____
LAWRENCE S. MIDDLETON
Assistant United States Attorney

5